The Honorable Stephen D. Bright State Representative 47 Oak Forest Loop Maumelle, AR 72113-6816
Dear Representative Bright:
This is in response to your request for an opinion on two questions, which I will paraphrase as follows:
 1. Does the Pulaski County Prosecutor have a duty under A.C.A. § 16-21-103 to attend Maumelle District Court or appoint a deputy to attend in his stead under A.C.A. § 16-21-113 or 16-21-115 for the purpose of prosecuting criminal actions?
 2. If such a duty exists and the prosecutor fails to fulfill that duty, may the Maumelle District Court appoint a prosecutor pro tempore
pursuant to A.C.A. § 16-21-112?
The City of Maumelle is located in Pulaski County.
RESPONSE
In my opinion, the answer to your first question is "no." Although A.C.A. §§ 16-21-115 and 16-21-113(d) might be read as dictating a different conclusion under certain circumstances, I believe the provisions at issue in these statutes were repealed by implication in the subsequently enacted A.C.A. § 16-21-150. Your second question is consequently moot.
Question 1: Does the Pulaski County Prosecutor have a duty under A.C.A.§ 16-21-103 to attend Maumelle District Court or appoint a deputy toattend in his stead under A.C.A. § 16-21-113 or 16-21-115 for the purposeof prosecuting criminal actions?
Section 16-21-103 of the Arkansas Code provides:
 Each prosecuting attorney shall commence and prosecute all criminal actions in which the state or any county in his district may be concerned.
Section 16-21-113 of the Code provides in pertinent part:
 (a)(1) The prosecuting attorneys of the several judicial districts of this state may appoint one (1) deputy in each of the several counties composing their districts. In counties having two (2) judicial districts, a deputy may be appointed for each district.
 (2) The appointment shall not take effect until approved, in writing, by the judge of the circuit court of the district.[1] The approval shall be filed in the office of the clerk of the circuit court of the county for which such deputy is appointed.
 (b) In judicial districts which contain a county which has two (2) levying courts or in those judicial districts where the prosecuting attorney and the circuit judge concur in the necessity therefor, the prosecuting attorney of the judicial districts may appoint one (1) or more deputies whose jurisdiction shall be the same as that of the prosecuting attorney.
* * *
 (d) When any person shall have been arrested under a warrant issued in accordance with the provisions of this section, it shall be the duty of the deputy prosecuting attorney to attend and prosecute such charges on behalf of the state. He shall in a similar manner attend and prosecute on behalf of the state in any criminal case pending before any justice of the peace or municipal court judge or in the circuit court of his judicial district, when so requested by the justice of the peace, municipal court judge, or the prosecuting attorney of the judicial district.
Section 16-21-115 of the Code provides:
 A prosecuting attorney may designate the duly elected or appointed city attorney of any municipality within the prosecutor's district to prosecute in the name of the state in municipal or other corporation courts violations of state misdemeanor laws which violations occurred within the limits of the municipality if the city attorney agrees to the appointment.
Finally, A.C.A. § 16-21-150 provides:
 No prosecuting attorney shall prosecute city misdemeanor cases or appeals to circuit or appellate courts unless the prosecuting attorney consents to do so.
In Ark. Op. Att'y Gen. No. 95-243, my immediate predecessor offered the following analysis of the interplay of some of these statutes:
 This office recently opined that the phrase "city misdemeanor cases," as used in A.C.A. § 16-21-150, means cases involving violations of state misdemeanor laws occurring within the limits of the municipality. See Op. Att'y Gen. 95-235 [copy enclosed]. That opinion also stated that city attorneys are required, due to the enactment of A.C.A. § 16-21-150, to prosecute city misdemeanor cases, whether in corporate or juvenile courts, and appeals of city misdemeanor cases to circuit courts, unless, in each case, the prosecutor "consents" to prosecute such cases.
 As explained in Op. Att'y Gen. 95-235, the enactment of A.C.A. § 16-21-150 effected two changes in the law. First, it relieved prosecutors of the responsibility of prosecuting city misdemeanor cases. Under prior law, prosecutors had that responsibility, but could delegate it, to the extent such prosecutions occurred in municipal or other corporation courts [now district courts, see Ark. Const. Amend. 80], to city attorneys under A.C.A. § 16-21-115 if the city attorney consented. As interpreted by Op. Att'y Gen. 95-235, the enactment of A.C.A. § 16-21-150 relieved prosecutors of the responsibility of prosecuting city misdemeanor cases by implicitly repealing the last clause of A.C.A. § 16-21-115, which formerly permitted city attorneys to decline to be designated to prosecute city misdemeanor cases. As stated in the opinion, city attorneys are now responsible for prosecuting city misdemeanor cases, whether in municipal or other corporation courts, or in juvenile courts.
I fully concur with this analysis. However, I should additionally address the interplay of A.C.A. §§ 16-21-150 and 16-21-113(d), which my predecessor did not find occasion to discuss. The latter statute provides, inter alia, that a deputy prosecuting attorney, assuming one has been appointed, is obliged upon the request of the presiding judge to prosecute a criminal action pending in the county for which the deputy has been appointed. I agree with my predecessor that the enactment in 1993 of A.C.A. § 16-21-150 was clearly intended to charge the city attorney with the responsibility of prosecuting city misdemeanors as defined above unless the prosecuting attorney consented to do so instead. Accordingly, I believe the provision in A.C.A. § 16-21-113(d) imposing this duty on the deputy prosecutor upon the presiding judge's request has been repealed by implication, as has been the passage in A.C.A. § 16-21-115
providing that a city attorney might decline to undertake a city prosecution.
In summary, I do not believe either the Pulaski County Prosecutor or any of his deputies is obliged to attend the Maumelle District Court. Seealso Ark. Op. Att'y Gen. No. 2000-069 ("It is my opinion that the county deputy prosecuting attorney does not have a duty to prosecute misdemeanor violations of state law that occurred within city limits. That duty rests upon the city attorney.") Because a city attorney clearly qualifies as a "prosecuting attorney" (see, e.g., the identical definitions set forth at A.C.A. § 9-27-303(40), as amended by Act 1503 of 2001, and A.C.A. §9-27-303(37), as amended by Act 1610 of 2001), I do not consider this conclusion in conflict with the above recited A.C.A. § 16-21-303, which requires that "[e]ach prosecuting attorney shall commence and prosecute all [state] criminal actions."
Question 2: If such a duty exists and the prosecutor fails to fulfillthat duty, may the Maumelle District Court appoint a prosecutor protempore pursuant to A.C.A. § 16-21-112?
This question is moot in light of my response to your first question.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] Curiously, although A.C.A. § 16-21-115(a) requires judicial approval of a prosecutor's appointment of one or more deputies in a district comprising more than one county, A.C.A. § 16-21-115(b) imposes no requirement of judicial approval when a prosecutor appoints one or more deputies in a county having two levying courts. Cf. also A.C.A. §§16-21-145 ("Prosecuting attorneys shall have the power to appoint all deputies and employees without confirmation of any court or tribunal.");16-21-1102(b)(1) (granting same authority to Prosecuting Attorney of the Sixth Judicial District).